UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA M. NUNEZ, | No.  2:13-cv-2328 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On October 5, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on April 30, 2010. (Transcript ("Tr.") at 12.) Plaintiff's application was denied initially, (id. at 73-76), and upon reconsideration. (Id. at 82-86.) Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on July 9, 2012.

1

(Id. at 27.)  Plaintiff was represented by a non-attorney representative, (id. at 12), and testified at the administrative hearing.  (Id. at 29-45.)  In a decision issued on August 13, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 22.)

       The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since October 5, 2010, the application date (20 CFR 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: bipolar disorder, anxiety disorder, and depressive disorder (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  she can understand, remember, and carry out simple tasks; she can maintain concentration, persistence, and pace for simple job tasks and she can interact appropriately with supervisors but should have only occasional co-worker contact and no public contact.
>
> 5.  The claimant has past relevant work as color printer operator and caterer helper (20 CFR 416.965).  In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is not able to perform either of these jobs because they require public contact.  Accordingly, the claimant is unable to perform past relevant work[.]
>
> 6.  The claimant was born on March 1, 1979 and was 31 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because her past relevant work is unskilled (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform  (20 CFR 416.969 and 416.969(a)).

/////

/////

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since October 5, 2010, the date the application was filed (20 CFR 416.920(g)).

(Id. at 14-22.)

On September 12, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's August 13, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 7, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following three claims:  (1) the ALJ improperly rejected the medical opinion of an examining physician; (2) the ALJ improperly applied the doctrine of res judicata; and (3) the ALJ erred in rejecting plaintiff's subjective testimony.[1]  Below, the court will address these claims in turn.

**I.   Medical Opinion Evidence**

Plaintiff argues that the ALJ erred by rejecting the January 7, 2011 opinion of examining physician, Dr. Sid Cormier, a clinical psychologist.  (Pl.'s MSJ (Dkt. No. 15) at 11-16.[2])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is

---

[1] The court has reordered plaintiff's claims for purposes of efficiency.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1 controverted by another doctor may be rejected only for specific and legitimate reasons supported
2 by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining
3 physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion
4 of either an examining physician or a treating physician." (Id. at 831.) Greater weight should be
5 given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'"
6 Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).
7 Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ
8 need not accept the opinion of any physician, including a treating physician, if that opinion is
9 brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688
10 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219,
11 1228 (9th Cir. 2009)).

12 In this case, on January 7, 2011, Dr. Sid Cormier issued a "Psychological Evaluation"
13 following an examination of the plaintiff as well as a review of her medical records. (Tr. at 218.)
14 As part of his examination of plaintiff, Dr. Cormier administered the Weschsler Adult
15 Intelligence Scale IV test, the Bender Visual Motor Gestalt Test II, Trials A & B and Weschsler
16 Memory Scale III test.

17 On the Weschsler Adult Intelligence Scale IV test, plaintiff achieved a verbal
18 comprehension index of 68, a perceptual reasoning index of 67, a working memory index of 77, a
19 processing speed index of 65, and full scale IQ score of 63. (Id. at 221.) Those scores placed
20 plaintiff's "current level of intellectual functioning within the mildly retarded range." (Id.) In
21 this regard, plaintiff's scores equaled or surpassed those "of only 1% of her age mates who took
22 this test." (Id.)

23 On the Bender Visual Motor Gestalt Test II plaintiff "performed approximately within the
24 borderline range . . . which suggest[ed] mild to moderate perceptual/reproductive and
25 recall/reproductive dysfunction." (Id.) On the Trails A & B test, plaintiff "performed within the
26 moderately/severely impaired ranges . . . and her performance was seen in approximately 90% of
27 individuals . . . who were subsequently diagnosed with brain damage." (Id. at 222.) In this
28 regard, plaintiff appeared "to have significant impairment regarding speed of visual tracking,

1 sequencing, and flexibily (sic) of cognitive sets." (Id.) Finally, on the Wechsler Memory Scale
2 III test plaintiff "demonstrated below average immediate and delayed memory functioning and
3 borderline working memory functioning." (Id.)

4     Based on his examination, Dr. Cormier opined, in part, that plaintiff's impairments would
5 moderately impair her ability to maintain regular attendance and perform even simple work
6 activities on a consistent basis. (Tr. at 223.) Moreover, Dr. Cormier found that plaintiff's ability
7 to complete a normal workday or workweek "without interruptions resulting from the
8 ramifications of her mild mental retardation and apparently well-managed bipolar disorder and
9 panic attacks," was "moderately to seriously impaired even for a simplistic job." (Id.) Dr.
10 Cormier also opined that plaintiff was moderately impaired with respect to her ability to: accept
11 and remember instructions; to interact with coworkers and the general public; to concentrate; to
12 maintain pace; and to adjust to routine changes in a work situation. (Id.) With respect to her
13 ability to deal with typical work stresses, Dr. Cormier found that plaintiff was moderately to
14 severely impaired. (Id.)

15     Nonetheless, the ALJ failed to assign any specific weight to Dr. Cormier's opinion.
16 Instead, the ALJ found that the limitations noted above were "not consistent with the evidence"
17 and, therefore," Dr. Cormier's opinion with respect to those limitations was "not credited." (Tr.
18 at 19.) In this regard, the ALJ found that Dr. Cormier's opinion was "inconsistent with the prior
19 evaluation by Dr. Anita Kemp in April 2008."[3] (Id.) The ALJ proceeded to discuss Dr. Kemp's
20 opinion, which included findings that plaintiff's full scale IQ was 72 and that plaintiff could
21 maintain regular attendance and perform simple, repetitive tasks, before ultimately affording Dr.
22 /////

23

---

[3] It does not appear that Dr. Kemp's opinion is part of the administrative record before this court in connection with this action. An April 29, 2010 denial of plaintiff's prior claim is part of the administrative record and in that decision Dr. Kemp's opinion is discussed. Moreover, the parties here do cite to an April 29, 2010 ALJ decision when discussing Dr. Kemp's opinion. (Tr. at 60.) However, it is unclear whether in drafting the August 13, 2012 opinion at issue in this action the ALJ had a copy of Dr. Kemp's actual medical opinion or merely had the prior April 29, 2010 ALJ decision in which Dr. Kemp's opinion was discussed. In either event, this court has not had the opportunity to review Dr. Kemp's opinion.

1 Kemp's opinion "great weight."[4] (Id. at 20.)

2 However, Dr. Cormier's examination of plaintiff, and the medical opinion he rendered based upon that examination, was far more recent than that of Dr. Kemp's. Dr. Cormier examined plaintiff in January of 2011, nearly three years after Dr. Kemp's April 2008 opinion was issued. Indeed, Dr. Kemp's opinion was rendered over two year prior to the application for disability at issue in this action, and two years prior to the time plaintiff alleges that she became disabled.

Moreover, the ALJ notes no significant conflict between examining psychologist Dr. Cormier's opinion and plaintiff's treatment records. Indeed, plaintiff's treatment records reveal that during the time period at issue in this action she frequently received treatment for bipolar, panic and schizoaffective disorders, experienced manic and depressed symptoms, including panic attacks, racing thoughts, difficulty concentrating and difficulty leaving home, and that her GAF ranged from 50 to 55.[5] (Id. at 170-96.)

Under these circumstances, the court cannot find that the ALJ offered specific and legitimate reasons supported by substantial evidence in the record to support the rejection of examining psychologist Dr. Cormier's opinion. See generally Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating [mental health] symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1201 (9th Cir. 2008) (ALJ erred by discrediting the most recent mental health assessment which was "not at odds with" the plaintiff's treating records); Osenbrock v. Apfel, 240 F.3d 1157,

---

[4] Both Dr. Kemp and Dr. Cormier found that plaintiff's Global Assessment of Functioning ("GAF") was in the range of 51-60. A 51 to 60 GAF indicates "[moderate] symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." DIAGNOSTIC STATISTICAL MANUAL OF MENTAL DISORDERS at 34 (4th ed. 2000).

[5] "According to the DSM–IV, a GAF score between 41 and 50 describes 'serious symptoms' or 'any serious impairment in social, occupational, or school functioning.'" Garrison v. Colvin, 759 F.3d 995, 1003 (9th Cir. 2014).

1165 (9th Cir. 2001) ("most recent medical reports are highly probative").

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ improperly rejected the medical opinion of an examining psychologist.

## II.     Res Judicata

Plaintiff also argues that the ALJ improperly applied the doctrine of res judicata. (Pl.'s MSJ (Dkt. No. 15) at 9-11.)

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1998). See also Lyle v. Sec. Health & Human Serv., 700 F.2d 566, 568, n. 2 (9th Cir.1983). Thus, where the Commissioner has made a determination of non-disability in a prior decision, the prior determination creates a presumption of continuing non-disability for any period after the date of the prior decision. See Lester v. Chater, 81 F.3d at 827-28; Chavez, 844 F.2d at 693. See also Alekseyevets v. Colvin, 524 Fed. Appx. 341, 344 (9th Cir. 2013) ("Under Chavez v. Bowen [citation omitted], an applicant previously found not disabled is presumably not disabled unless he can show changed circumstances indicating a greater level of disability since the date of the prior decision.").[6]

However, this presumption may be overcome by a showing of "changed circumstances," such as new and material changes to the claimant's residual functional capacity ("RFC"), age, education, or work experience. Lester, 81 F.3d at 827-28. See also Chavez, 844 F.2d at 693; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Lyle, 700 F.2d at 568 n. 2. In order to show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability. Chavez, 844 F.2d at 693.

Plaintiff in this action previously filed an application for SSI on February 27, 2008. (Tr. at 52.) In a decision issued on April 29, 2010, plaintiff was found to have the residual functional capacity to perform a full range of work, but with the nonexertional limitations to simple,

---

[6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

repetitive tasks, occasional co-worker contact and no public contact. (Id. at 55-56.) Accordingly, plaintiff was found to have not been under a disability since February 27, 2008. (Id. at 60.)

In the August 13, 2012 decision at issue here, the ALJ found that plaintiff had "failed to establish changed circumstances" with respect to her October 5, 2010 application. (Id. at 14.) Specifically, the ALJ found that plaintiff remained a younger individual, with a limited education and no past relevant work. (Id.) Moreover, the ALJ found that there was "no change in [plaintiff's] residual functional capacity that indicates greater disability." (Id.)

As discussed above, however, examining psychologist Dr. Cormier's opinion indicates that plaintiff's impairments had in fact worsened since the April 29, 2010 RFC determination. Dr. Cormier found that plaintiff was moderately impaired in her ability to maintain regular attendance and perform even "simplistic work activities on a consistent basis." (Id. at 223.) He also concluded that she was moderately to severely impaired in her ability to deal with typical workplace stresses. (Id.) Moreover, Dr. Cormier opined in 2011 that plaintiff was then moderately impaired in her ability to accept and remember instructions from supervisors. (Id.) Those limitations are not consistent with the April 29, 2010 RFC determination, in which it was found that plaintiff could perform a full range of work, understand, remember and carry out simple repetitive tasks, interact appropriately with supervisors and occasionally with co-workers.

In light of the evidence provided by examining psychologist Dr. Cormier's opinion, plaintiff did present proof of changed circumstance sufficient to overcome the presumption, based on the earlier decision, that she was not disabled. See Schneider v. Commissioner of Social Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (a psychological report noting changed test scores and diagnosis was sufficient proof of changed circumstances).

/////
/////
/////
/////
/////
/////

1    Accordingly, plaintiff is also entitled to relief with respect to her claim that the ALJ improperly applied the doctrine of res judicata in the August 13, 2012 decision.[7]

### III.  Scope of Remand

With error established, the court has the discretion to remand or reverse and award benefits.[8] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  See Garrison, 759 F.3d at 1021 (finding that it was an abuse of discretion for the district court to remand for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that plaintiff was not disabled); Benecke, 379 F.3d at 596 ("Because the evidence establishes that Benecke would be unable to maintain employment while managing her pain and fatigue, remand for further administrative proceedings serves no useful purpose and is unwarranted.").  However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Benecke, 379 F.3d at 594.

Here, the ALJ incorrectly applied the doctrine of res judicata in light of evidence of changed circumstances and erred in rejecting important portions of examining psychologist Dr. Cormier's opinion without providing sufficient reasons for doing so.  Nonetheless, the record in this case has not been fully developed and there are outstanding issues that must still be resolved. Accordingly, the court finds that this matter should be remanded for further proceedings.  On

---

[7] Because this matter must be remanded in light of the ALJ's error in failing to provide an adequate basis for rejecting the opinion of examining psychologist Dr. Cormier's opinion, the court need not address whether the ALJ's error with respect to the application of res judicata was harmless.  See generally Cha Yang v. Commissioner of Social Sec. Admin., 488 Fed. Appx. 203, 204 (9th Cir. 2012) ("The administrative law judge (ALJ) failed to cite Yang's changed circumstances and thus misapplied the res judicata principles set forth in Chavez v. Bowen [citation omitted].  In formulating Yang's residual functional capacity (RFC), however, the ALJ in fact weighed Yang's medical evidence.  Any error was therefore harmless.").

[8] In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claim of error.

remand that ALJ shall find that plaintiff has presented sufficient evidence of changed circumstances, shall assign the appropriate weight to Dr. Cormier's opinion and shall proceed with the sequential evaluation, obtaining the testimony from a Vocational Expert if necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: March 14, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\nunez2328.ord.docx